UNSEALED PER ORDER OF COURT

~~SEALED~~

FILED

2019 SEP 13 P 4: 47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER VERGARA (1),<br>RAUL ALONSO VARELA-RUIZ (2),<br>MICHELANGELO BECERRA (3),<br>CANDICE HARRINGTON (4),<br>AMANDA BITTICKS (5),<br>EDUARDO E. PARDO (6),<br>ROSE VELASQUEZ (7),<br><br>Defendants. | Case No. 19 CR 3630 CAB<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1) and 846 – Conspiracy to Distribute Controlled Substances; Title 18, U.S.C., Secs. 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h) – Conspiracy to Launder Monetary Instruments; Title 21, U.S.C., Sec. 853 and Title 18, U.S.C., Sec. 982 – Criminal Forfeiture |

The grand jury charges:

Count 1

Beginning on a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California and elsewhere, defendants JAVIER VERGARA, RAUL ALONSO VARELA-RUIZ, MICHELANGELO BECERRA, CANDICE HARRINGTON, AMANDA BITTICKS, EDUARDO E. PARDO, and ROSE VELASQUEZ, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

MJS:nlv:San Diego:9/12/19

<u>Count 2</u>

Beginning on a date unknown to the grand jury and continuing to the date of this Indictment, within the Southern District of California and elsewhere, defendant JAVIER VERGARA, did knowingly and intentionally conspire and agree with other persons, known and unknown to the Grand Jury:

a.    to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b.    to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

2

1                          FORFEITURE ALLEGATION

2          1.    The allegations contained in Counts 1 and 2 are realleged and

3    by their reference fully incorporated herein for the purpose of alleging

4    forfeiture to the United States of America pursuant to the provisions

5    of Title 21, United States Code, Section 853, and Title 18, United States

6    Code, Section 982.

7          2.    Upon conviction of the felony offense alleged in Count 1 of

8    this Indictment, said violation being punishable by imprisonment for

9    more than one year and pursuant to Title 21, United States Code,

10   Sections 853(a)(1) and 853(a)(2), defendants JAVIER VERGARA, RAUL ALONSO

11   VARELA-RUIZ, MICHELANGELO BECERRA, CANDICE HARRINGTON, AMANDA BITTICKS,

12   EDUARDO E. PARDO, and ROSE VELASQUEZ, shall forfeit to the United States

13   all their rights, title and interest in any and all property

14   constituting, or derived from, any proceeds the defendants obtained,

15   directly or indirectly, as the result of the offenses, and any and all

16   property used or intended to be used in any manner or part to commit and

17   to facilitate the commission of the violation alleged in Count 1 of this

18   Indictment.

19         3.    Upon conviction of the offense alleged in Count 2 of this

20   Indictment, and pursuant to Title 18, United States Code,

21   Section 982(a)(1), defendant JAVIER VERGARA, shall forfeit to the United

22   States, all property, real and personal, involved in such offense, and

23   all property traceable to such property.

24         4.    If any of the above-described forfeitable property, as a

25   result of any act or omission of the defendants:

26              a.    cannot be located upon the exercise of due diligence;

27              b.    has been transferred or sold to, or deposited with, a

28   third party;

                                    3

1          c.      has been placed beyond the jurisdiction of the Court;

2          d.      has been substantially diminished in value; or

3          e.      has been commingled with other property which cannot be

4    subdivided without difficulty; it is the intent of the United States,

5    pursuant to Title 21, United States Code, Section 853(p) and Title 18,

6    United States Code, Section 982(b), to seek forfeiture of any other

7    property of the defendants up to the value of the property listed above

8    as being subject to forfeiture.

9    All pursuant to Title 21, United States Code, Section 853, and Title 18,

10   United States Code, Section 982.

11          DATED: September 13, 2019.

12                                              A TRUE BILL:

13

14                                              Foreperson

15   ROBERT S. BREWER, JR.
     United States Attorney
16

17   By:

         MATTHEW J. SUTTON
18       MARIO J. PEIA
         Assistant U.S. Attorneys
19

20

21

22

23

24

25

26

27

28